```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/12
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

BARBARA EBER-SCHMID,

                Petitioner,

            against.

ANDREW M. CUOMO, et al.,

                Respondents.

09 CV 8036 (BSJ)(AJP)

------------------------------------X

ROBERT SCHMID,

                Petitioner,

            against.

ANDREW M. CUOMO, et al.,

                Respondents.

09 CV 8038 (BSJ)(AJP)

**ORDER**

------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

      Petitioners, Barbara Eber-Schmid ("Eber-Schmid") and Robert Schmid ("Schmid") (collectively "Petitioners"), brought these petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Eber-Schmid Petition," "Schmid Petition," and collectively the "Petitions") in the two above captioned

matters.[1] Magistrate Judge Peck issued a Report and Recommendation on April 22, 2010 (the "R&R") and recommended that the Petitions be denied. On May 10, 2010, Petitioners filed a joint Memorandum of Law objecting to the factual findings and conclusions of law in the R&R. ("Pet'rs' Objection".)[2] For the reasons below, the Court adopts the findings of the R&R, overrules the Petitioners' objections, and denies both the Petitions.

## BACKGROUND[3]

Petitioners allege in their § 2254 motions that: (1) the trial court's failure to take "any affirmative steps to ensure that defendants were aware of the conflicts attendant to their joint representation" violated the Petitioners' rights under the Sixth and Fourteenth Amendments (Eber-Schmid Petition at 14); and (2) they were denied the effective assistance of counsel because: (a) former counsel labored under a conflict of interest that adversely affected his performance (Eber-Schmid Petition at 17-18); (b) former counsel failed to investigate documentary

---

[1] The parties filed separate but virtually identical submissions in support of and in opposition to each petition. Unless otherwise indicated, all citations are to Eber-Schmid's file, Docket No. 09 Civ. 8036.

[2] The Court notes that Petitioners first filed their joint memorandum on May 10, 2010 in Eber-Schmid's case (Dkt. No. 09 Civ. 8036). The Petitioners subsequently filed the same joint memorandum in both cases on October 20, 2010.

[3] The R&R sets forth in detail the factual background and procedural history of these cases. The Court presumes familiarity with the R&R, and adopts its factual background and procedural history except where explicitly indicated in this order.

2

evidence that was available prior to Petitioners' guilty pleas which would have exculpated them (Eber-Schmid Petition at 18-20); (c) former counsel affirmatively mislead Petitioners and induced them to plead guilty by telling them that a guilty plea and payment of restitution in the criminal case would take restitution "off the table" in the collateral civil case (Petition at 20-22); and (d) former counsel coerced their pleas by threatening to withdraw if Petitioners did not plead guilty (Eber-Schmid Petition at 23).

Judge Peck finds in his R&R that: (1) the state court's decision on Petitioners' claims relating to whether their pleas were coerced was neither contrary to nor an unreasonable application of Supreme Court precedent; and (2) Petitioners' ineffective assistance of counsel claims are without merit. With respect to Petitioners' ineffective assistance of counsel claims, Judge Peck specifically finds in the R&R that: (a) the state court's finding that the trial court was not required to make an on-the record inquiry into a potential conflict of interest was neither contrary to nor an unreasonable application of Supreme Court precedent; (b) Petitioners' former attorney did not have a conflict of interest that prejudiced Petitioners, and regardless, Petitioners waived any such conflict; (c) Petitioners' claims regarding their former attorney's failure to investigate exculpatory evidence are meritless; and (d) the

state court's finding that Petitioners' former attorney was not ineffective for failing to adequately inform them of the collateral consequences of their guilty pleas was neither contrary to nor an unreasonable application of Supreme Court precedent.

Petitioners object to Judge Peck's findings in the R&R and argue that: (1) they did not knowingly waive their former counsel's conflict (Pet'rs' Objection at 1); (2) their former counsel's conflict prejudiced Petitioners plea negotiations with the District Attorney's Office (Pet'rs' Objection at 2); and (3) their former counsel's failure to investigate evidence that would have completely exonerated Petitioners was unreasonable. (Pet'rs' Objection at 4.)

## STANDARD OF REVIEW

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1)(C). "Where no objections are filed . . . the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at 2* (S.D.N.Y. Dec. 29, 2006)(citing Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)). The court reviews *de novo* any portions of a magistrate judge's R&R to which a petitioner has stated an objection. 28 U.S.C. § 636(b)(1)(C); see, United States v. Male

4

Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Silva v. Peninsula Hotel, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007).

With respect to the portions of the instant R&R which the Court must review *de novo*, under the Antiterrorism Effective Death Penalty Act ("AEDPA"), the Court must give the state court's prior adjudication of Petitioners' claims a high degree of deference. See Jimenez v. Walker, 458 F.3d 130, 145-46 (2d Cir. 2006) ("The effect of [AEDPA] is to present federal habeas courts with a binary circumstance: we either apply AEDPA deference to review a state court's disposition of a federal claim or refuse to review the claim because of a procedural bar properly raised. The middle ground...does not exist.") (internal citations omitted). Petitioners previously raised all of the Petition's claims in a motion to vacate their convictions pursuant to C.P.L. § 440. Since the New York state court judge adjudicated Petitioners' claims on the merits, the Court cannot grant Petitioners' habeas application unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or...was based on an unreasonable determination of the facts in light of the evidence

5

presented in the state court proceeding." 28 U.S.C. § 2254(d). See also Williams v. Taylor, 529 U.S. 362 (2000).

## DISCUSSION[4]

### Petitioners' Waiver

Petitioners first argue in their specific objections to the R&R that the magistrate judge committed error in finding that the Petitioners waived any conflict of interest inherent in their former counsel, Alan R. Sklover's ("Sklover"), joint representation of them. In support of this argument, Petitioners contend that they could not have waived the conflict because Petitioners were unaware of the conflict until they retained present counsel. (Pet'rs' Objection at 1.) Petitioners specifically argue that, until retaining present counsel, Schmid was unaware that he had "a complete defense to the allegations that his use of the Trees New credit card was 'unauthorized' by virtue of the fact that it was, in fact, completely authorized by his wife and codefendant Barbara Eber-Schmid." (Id.)

In finding that Petitioners waived any conflict of interest arising from Sklover's concurrent representation of them, the

---

[4] The Court notes that the parties dispute whether the Petitioners have satisfied the "in custody" requirement of 28 U.S.C. § 2254(a). Since the R&R recommends dismissing the Petitions on other grounds, Magistrate Judge Peck declined to decide this issue. This issue was not raised by the Petitioners in their objections to the R&R, and having adopted the R&R and dismissed the Petitions for the grounds discussed in the R&R, the Court similarly does not decide the question of whether the Petitioners have met the statute's "in custody" requirement.

R&R relied on: (1) Sklover's affirmation that he had repeatedly informed Petitioners of the potential problems of joint representation (R&R at 12-14); (2) the Assistant District Attorney's affirmation that he had also raised to Petitioners the potential for a possible conflict of interest (Id.); and (3) the plea agreements signed by Petitioners (R&R at 56.)

Having reviewed the record, the Court agrees with the magistrate judge that Petitioners waived any conflict of interest stemming from their representation by the same counsel. In particular, the Court gives great weight to the plea agreements signed by Petitioners, (Decl. Robert W. Ray, Exh.J and K, [collectively, "Plea Agreements"],) and Schmid's plea allocution (Decl. Robert W. Ray, Exh. G, Plea Hearing Transcript ["Tr."] at 6.)

The plea agreements signed by Petitioners explicitly state that each Petitioner "understands that [his/her co-defendant] is also represented in [his/her] guilty plea by Alan Sklover, Esq." and that each Petitioner had "affirmatively chosen to have mutual representation" and "waiv[ed] any claim of conflict..." (Plea Agreements ¶ 8.) In addition, Schmid stated under oath during his plea allocution that "I used Trees New York credit cards to make personal purchases that were totally unauthorized by TNY's board of directors and unrelated to TNY's business...I stated I was paying back Trees New York for the purchases, but

had no intention of doing so and never did pay for the unauthorized purchases. I stole $52,163.96." (Tr. 6.)

In light of the Petitioners' prior signed statements and allocution under oath, which make clear that Petitioners were waiving any conflict arising from Sklover's joint representation and that Schmid acknowledged having stolen funds from Trees New York, the Court overrules Petitioners' objections and adopts the R&R's finding that Petitioners waived any conflict of interest in Sklover's representation. The Petition's allegations which directly contradict the Petitioners' previous sworn statements do not persuade the Court otherwise. See also United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."); and United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992) (Affirming district court's decision that "[n]o evidentiary hearing was required on the basis of [defendant's] unsupported allegations, which merely contradicted [defendant's] earlier statements made under oath at his plea allocution.")

Moreover, even if the Court were to accept Petitioners' argument that they did not waive any conflict of interest, this would not change the Court's decision as to Petitioners' claims. In its decision dismissing the Petitioners' claim that they were denied the effective assistance of counsel because their

attorney had a conflict, (Decl. Robert W. Ray, Exh. A at 8), the state court's reasoning was neither contrary to, nor an unreasonable application of, Supreme Court precedent; nor was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Given this, under the terms of AEDPA, the Court must give deference to the decision of the state court and deny habeas relief on these grounds.

### Conflict of Interest and Prejudice to Petitioners

Petitioners next argue in their objections that the R&R is erroneous in its finding that: (1) Sklover's representation did not present an actual conflict of interest; and (2) even assuming a potential conflict of interest, Petitioners were not prejudiced.  (Pet'rs' Objection at 2-4.)

The R&R concludes that Sklover neither labored under an actual or potential conflict of interest.  R&R at 54-55.  In reaching this conclusion, like the state court judge, Magistrate Judge Peck found that there was "not even a possibility of Sklover having divided loyalties because the Petitioners' potential defenses were 'wholly consistent.'"  Id.

Having reviewed the record, the Court agrees with the magistrate judge that Schmid's "authorization defense," that he was wholly innocent because his charges were authorized by his wife, did not conflict with Eber-Schmid's defense.  As noted by

9

Magistrate Judge Peck, Eber-Schmid's defense was never that she had not used the credit card, but rather, that she was permitted to do so and had repaid all personal charges. (Decl. Robert W. Ray, Exh. R at ¶ 5.) Schmid's assertion that his wife had authorized his charges would accordingly present no conflict to Eber-Schmid's own assertion that she had authority to incur such charges. Since the defenses were consistent, Petitioners' former counsel would have had no reason not to pursue the defense which Schmid now claims counsel's conflict prevented him from adopting. Petitioners have therefore failed to demonstrate that "the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests," Eisemann v. Herbert, 401 F.3d 102, 107 (2d Cir. 2005), and as such, have also failed to demonstrate the presence of an actual conflict in Sklover's representation.

Turning next to the merits of Petitioners' claims regarding the prejudice that resulted from any potential conflict, the Court agrees with the magistrate judge that, even assuming that counsel was operating under a potential conflict, Petitioners were not prejudiced in their case.[5] Petitioners have provided no legal or factual support for their naked assertion that "any testimony by Schmid, or even a suggestion to ADA Kale during

---

[5] In order to prevail on their claim of ineffective assistance of counsel as a result of a potential conflict, Petitioners must demonstrate that the potential conflict resulted in prejudice to the defendant. See United States v. Williams, 372 F.3d 96, 102-03 (2d Cir. 2004).

10

plea negotiations, that Eber-Schmid was solely responsible for the alleged thefts would clearly have prejudiced her case and her negotiations of a plea." (Pet'rs' Objection at 3.) Nor have Petitioners provided any explanation as to why Schmid, who stated under oath in his plea allocution that he "stole $52,163.96" by making charges which "were totally unauthorized by TNY's board of directors and unrelated to TNY's business" (Tr. 6.), suffered any prejudice from Sklover choosing not to assert an authorization defense. Notwithstanding Petitioners' conclusory allegations to the contrary, even if the Court were to assume the existence of a potential conflict in Sklover's representation, the Court finds that Petitioners have failed to demonstrate that they suffered any prejudice as a result of this conflict.

Finally, as has already been discussed in the Court's consideration of Petitioners' objections regarding the R&R's findings as to waiver, the Court must give deference to the state court's denial of Petitioners' Sixth Amendment claims relating to former counsel's alleged conflict. The state court's findings in this regard, (Decl. Robert W. Ray, Exh. A at 8-9), were neither contrary to, nor an unreasonable application of, Supreme Court precedent. The Court therefore overrules the objections and adopts the R&R denying habeas relief for Petitioners' claims of ineffective assistance of counsel on the

basis of Sklover's conflict.

## Failure to Investigate

Petitioners' final objection to the R&R is that Magistrate Judge Peck erred in finding that Sklover's failure to investigate the exculpatory evidence available to him did not violate Petitioners' Sixth Amendment rights. (Pet'rs' Objection at 4-5.)

To prevail on their ineffective assistance of counsel claim for Sklover's failure to investigate, Petitioners must demonstrate that they were prejudiced by this failure. See Strickland v. Washington, 466 U.S. 668, 691-92 (1984). In the context of a guilty plea, Petitioners must demonstrate that there is a reasonable probability that, but for counsel's error, they would not have pleaded guilty and would instead have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (U.S. 1985).

Given that the Petitioners themselves wrote the reimbursement checks which they now allege prove their innocence, (Decl. Robert W. Ray, Exh. Q at ¶ 6, Exh. R at ¶ 5, Exh. AB), this Court agrees with the magistrate judge that "it strains credulity that Schmid and Eber-Schmid were not aware of the documents' existence prior to pleading guilty," R&R at 60-61. As such, this Court agrees with the magistrate judge that any failure on the part of counsel to investigate these

12

documents "could not have prejudiced petitioners' defense, or otherwise influenced their decision to plead guilty." R&R at 61. See also Collins v. Superintendent Conway, 04 Civ. 4677, 2006 WL 1114053, at *4 (S.D.N.Y. Apr. 26, 2006) ("Petitioner's claim for ineffective assistance of counsel is likewise unavailing...Petitioner's claims are entirely dependent on information that the Petitioner himself had at every stage of the proceedings after the alleged lineups. Any failure to assert these claims prior to his guilty plea is therefore a failure of Petitioner not to communicate with his counsel, not a failure of counsel.") The Court accordingly adopts the R&R's finding that Petitioners' ineffective assistance of counsel claims based on Sklover's failure to investigate are without merit.[6]

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the R&R in its entirety, **OVERRULES** the objections of both Schmid and Eber-Schmid's and **DENIES** the Petitions.

Because Schmid and Eber-Schmid have not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court

---

[6] The Court notes that, by examining the merits of Petitioners' argument, it has entertained Petitioners' claims beyond what is required. Since the state court's decision with respect to these claims, see (Decl. Robert W. Ray, Exh. A at 9-10), was neither contrary to, nor an unreasonable application of Supreme Court precedent, pursuant to AEDPA, the Court could also deny these claims out of the required deference to the state court.

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

    The Clerk of the Court is directed to close both cases.

**SO ORDERED:**

                                          BARBARA S. JONES
                                          UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
             July 31, 2012